UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ADAM F. BLASKOWSKI, | Case No. 16-CV-0447 (DWF/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| VICKI LAND WEHR CONSTRUCTION; JOHN SHERER TRUCKING, and CENTRA CARE HEALTH, | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff Adam F. Blaskowski has not paid the filing fee for this case. Instead, Blaskowski has filed an application seeking leave to proceed *in forma pauperis* ("IFP"). *See* Docket No. 2. That IFP application must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Blaskowski qualifies financially for IFP status. However, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir.

2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Blaskowski's complaint, such as it is, consists of one page and includes nothing but his personal information.  There are no factual allegations, grounds for jurisdiction, or legal claims for relief pleaded in the complaint.  Accordingly, Blaskowski's complaint fails to state a claim on which relief may be granted, and dismissal of the complaint without prejudice is warranted on that basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.     This action be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.     Plaintiff Adam F. Blaskowski's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: March 1, 2016                          s/Leo I. Brisbois
                                              Leo I. Brisbois
                                              United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.